Aaron Kaufmann, CA State Bar No. 148580
David Pogrel, CA State Bar No. 203787
Afroz Baig, CA State Bar No. 308324
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
dpogrel@leonardcarder.com
abaig@leonardcarder.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LOPEZ YANEZ on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HL WELDING, INC.,<br><br>Defendant. | Case No. **'20CV1789 BEN MDD**<br><br>**COMPLAINT, PUTATIVE CLASS ACTION AND COLLECTIVE ACTION FOR DAMAGES FOR:**<br><br>**(1) FAILURE TO PAY OVERTIME WAGES (Calif. Labor Code §§ 510, 1194; I.W.C. Wage Order 16);**<br>**(2) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Calif. Labor Code §§ 226, 226.3);**<br>**(3) WAITING TIME PENALTIES (Calif. Labor Code §§ 201-203);**<br>**(4) UNFAIR COMPETITION (Bus. & Prof. Code § 17200, et seq.; and**<br>**(5) Failure to Pay Overtime Wages (FLSA, 29 U.S.C. § 207)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Luis Lopez Yanez alleges as follows on behalf of himself and all others similarly situated in the State of California:

## I. INTRODUCTION

1. Plaintiff Luis Lopez Yanez ("Plaintiff"), on behalf of himself and other current and former Pipe Fitters, Sheet Metal workers, Electricians, Machinists, Riggers and similar trades occupation (collectively "Tradespeople" or "Class Members"), brings a collective action for federal overtime pay, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and a class action under Fed. R. Civ. Proc. Rule 23(b)(3) for state wage and hour claims arising out HL Welding, Inc.'s ("HL Welding") failure to pay overtime premium pay under certain federal and state wage laws.

2. Defendant HL Welding is a corporation that provides maritime and other construction services. Plaintiff Lopez Yanez and similarly situated Collective / Class Members are or have been employed by Defendant in skilled trades positions working on maritime construction projects in the state of California in San Diego County, and in other states.

3. Plaintiff challenges HL Welding's policy and practice of failing to pay Tradespeople overtime compensation under the FLSA and California law. HL Welding's policy is, and at all relevant times has been, to exclude "per diem" rates paid to Tradespeople from the regular rate of pay when calculating overtime. As a result, HL Welding directed, allowed and/or encouraged the Tradespeople, including Plaintiff, to work overtime hours without paying full overtime compensation, as required by federal and California law; and failed to pay overtime compensation at the time of termination of employment, as required by California law.

4. Plaintiff brings claims under California law for unpaid overtime compensation, waiting time penalties, restitution, statutory penalties, interest, and attorneys' fees and costs. These claims are brought pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class of Tradespeople employed by Defendant during the period commencing approximately October 2015 through to the present (the "Class Period").

5. Plaintiff bring claims under the FLSA, 29 U.S.C. §§ 207, 216(b), for payment of overtime wages, liquidated damages, interest, and attorneys' fees and costs on behalf of himself and on behalf of similarly situated individuals who worked for HL Welding as Tradespeople throughout

1  the United States, and whose overtime pay was improperly calculated by HL Welding. Plaintiff, and those similarly situated, were subjected to HL Welding's knowing and willful policy and practice of not paying them overtime premium pay on per diem compensation, as required by the FLSA.

## II.   JURISDICTION

6.   28 U.S.C. § 1331 grants this Court jurisdiction over the FLSA claim brought under 29 U.S.C. §§ 207, 216(b).

7.   28 U.S.C. § 1367 grants this Court has jurisdiction over Plaintiff's wage and hour claims under California state law.

## III.   VENUE

8.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims stated herein arose within this District. Venue is also proper pursuant to 28 U.S.C. §1391(b)(1) because a substantial number of the members of the class alleged herein work or worked for Defendant in facilities and operations maintained by Defendant within this District and within the Division and Courthouse to which this action has been assigned.

## IV.   PARTIES

**A.   PLAINTIFF**

9.   Plaintiff Angel Lopez Yanez resides in San Diego, California. He served as a Pipefitter and Sheet Metal worker for HL Welding at various times from approximately September 2014 to July 14, 2019. He worked at HL Welding's facilities in San Diego. Plaintiff sues on behalf of himself and as a representative of all similarly situated workers in the class and FLSA collective, defined below. Plaintiff signed and hereby files as Exhibit A hereto a consent form to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b).

**B.   DEFENDANT**

10.   Defendant HL Welding is a California corporation with its principal place of business in San Diego County. HL Welding is and at all relevant times has been an employer covered by the federal Fair Labor Standards Act, the California Labor Code, and California IWC wage order No. 16.

//

- 2 -
CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES

## V. FACTUAL BACKGROUND

11. Defendant HL Welding provides maritime and other construction services and has employed Plaintiff Lopez Yanez and similarly situated Collective / Class Members in skilled trades positions working on maritime construction projects in the state of California, in San Diego County.

12. HL Welding also operates in several states, including Alabama, Florida, Mississippi, Pennsylvania, Virginia, and Washington and employs Tradespeople in those locations.

13. At all relevant times, Tradespeople employed by HL Welding have regularly received multiple non-overtime rates of pay in the same pay period, including a regular hourly rate and a per diem rate based on hours worked. In those instances, HL Welding has a policy and practice of failing to include the per diem rate to calculate Tradespeoples' regular rate of pay for the calculation of overtime pay; instead using only the regular hourly rate for the purpose of calculating overtime compensation. As a result of HL Welding's unlawful policy and practice, Tradespeople regularly receive less overtime compensation than they are due.

14. HL Welding required and/or knowingly permitted Plaintiff and other Tradespeople to work hours considerably in excess of eight hours a day and/or 40 hours a week. Plaintiff is informed and believes that it was HL Welding's policy and practice to require and/or knowingly permit Tradespeople to work overtime hours without receiving complete overtime compensation.

15. HL Welding's exclusion of the per diem from its calculation of overtime pay for Plaintiff and other Tradespeople during the Class Period was unlawful under the FLSA, California Labor Code § 515, and I.W.C. wage order No. 16. As a result, HL Welding failed to pay adequate premium overtime compensation to Plaintiff and similarly situated Tradespeople for hours worked over eight in a day and 40 in a week.

16. As a result of excluding the per diem from its calculation of overtime pay, HL Welding willfully failed to properly compensate for all accrued overtime compensation at the time of termination of employment of Tradespeople.

## VI. CLASS ACTION ALLEGATIONS

17. Plaintiff brings claims for violations of California's Labor Code and IWC Wage Order No. 16 on behalf of himself and a Rule 23 class pursuant to Rule 23(b)(3) of the Federal Rules of

Civil Procedure. Plaintiffs seek to certify a Rule 23 class (the "Class") comprised of:

> All persons who worked for Defendant HL Welding, Inc. in the State of California as Pipe Fitters, Sheet Metal workers, Electricians, Machinists, Riggers other similar positions in skilled trades who receive any portion of compensation in the form of a *per diem* ("Class Members" or "Tradespeople") during the period commencing October 1, 2015 through certification of a class in this action ("Class Period").

18. <u>Numerosity</u>: The members of the Rule 23 Class are sufficiently numerous that joinder of all members is impracticable. On information and belief, there are approximately 250 members of the Class. The names and addresses of the Class Members are available from Defendant. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

19. <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the Class Members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

   a. Whether Defendant has required, encouraged, or permitted Tradespeople to work in excess of 40 hours per week and/or eight hours per day;

   b. Whether Defendant has failed to sufficiently pay Class Members overtime premium wages for time worked in violation of Labor Code §§ 510, 1194, IWC Wage Order No. 16, and the FLSA;

   c. Whether Defendant's failure to pay overtime compensation to Class Members constitutes an unlawful, unfair, and/or fraudulent practice under Business & Professions Code § 17200, et seq.;

   d. Whether Defendant has failed to furnish Class Members with accurate wage statements as required by Labor Code §§ 226 and 226.3;

   e. Whether Defendant violated California Labor Code §§ 201-203, by failing to timely pay overtime compensation at time of termination of employment to Tradespeople;

   f. Whether Defendant's failure to pay all compensation owed at time of termination

1         of employment constituted an unlawful, unfair, and/or fraudulent business practice,

2         under California Business & Professions Code § 17200 et seq.; and

3      g.    The proper formulas for calculating restitution, damages, and penalties owed to

4         Plaintiff and the class alleged herein.

5     20.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class he seeks to

6 represent.  As set forth herein, Defendant's common course of conduct caused Plaintiff the same or

7 similar injuries and damages as other Class Members employed by Defendant.  Plaintiff's claims are

8 thereby representative of and co-extensive with the claims of the Class.

9     21.    <u>Adequacy</u>: Plaintiff will fairly and adequately represent the interests of all members of

10 the Class he seeks to represent.  Plaintiff is a member of the Class he seeks to represent, does not have

11 any conflicts of interests with the putative Class Members, will prosecute the case vigorously on

12 behalf of the Class, and has devoted time and resources to the initial investigation of these claims.

13 Plaintiff's counsel are competent and experienced in litigating employment actions, including wage

14 and hour class actions.

15     22.    <u>Superiority of Class Action</u>: A class action is superior to other available methods for

16 the fair and efficient adjudication of this controversy.  Because the damages suffered by certain

17 individual members of the Class may be relatively small, the expense and burden of individual

18 litigation makes it impracticable for Class Members to pursue their claims separately.  Class action

19 treatment will allow those members of the Class to litigate their claims in the manner that is most

20 efficient and economical for the parties and the judicial system.  Class action treatment will also avoid

21 inconsistent outcomes because the same issues can be adjudicated in the same manner for all members

22 of the Class. Certifying this case as a class action is superior because it will allow for efficient remedy

23 to the Class Members for the damages they incurred as a result of Defendant's failure to pay overtime

24 compensation and to pay all compensation due to Class Members upon termination of their

25 employment.  Class treatment will thereby effectuate California's strong public policy of protecting

26 employees from deprivation of earned wages and overwork.  If this action is not certified as a Class

27 Action, it will be impossible as a practical matter for many or most Class Members to bring individual

28 actions to recover their earned wages and penalties.

## VII. COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings the claims herein for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Pipe Fitters, Sheet Metal workers, Electricians, Machinists, Riggers other similar positions in skilled trades (collectively "Tradespeople") who worked for HL Welding anywhere in the United States, and to whom HL Welding paid a per diem during the period commencing three years prior to the filing of this Complaint, and who timely consents to join this action (i.e., opts in).

24. Plaintiff Lopez Yanez and the other Tradespeople are similarly situated, having performed substantially similar duties for HL Welding, and being subject to HL Welding's common policy and/or practice of unlawfully excluding the per diem from the calculation of overtime compensation pursuant to the FLSA, 29 U.S.C. § 207.

25. The claim for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because Plaintiff's claims are similar to the claims of the Tradespeople.

26. The names and addresses of the Tradespeople are available from HL Welding. Accordingly, Plaintiff prays herein for an Order requiring HL Welding to provide the names and all available locating information for all members of the Collective Action, so notice can be provided to the similarly situated employees of the pendency of this action, and their right to opt-in to this action.

## VIII. DAMAGES

27. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff and similarly situated Tradespeople are owed overtime compensation plus interest, waiting time penalties under Labor Code § 203, and other statutory penalties, the precise amount of which will be proven at trial.

## IX. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**
**(LABOR CODE §§ 510, 1194, *ET SEQ.*, IWC WAGE ORDER NO. 16)**
**(ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)**

28. The allegations of each of the preceding paragraphs are realleged and incorporated

1  herein by reference, and Plaintiff alleges as follows a claim for relief on behalf of himself and the
2  above-described Class of similarly situated Tradespeople employed by HL Welding in California.
3        29.    By failing to pay overtime compensation to Plaintiff and similarly situated Class
4  Members, as alleged above, HL Welding has violated and continues to violate Labor Code § 510 and
5  IWC wage order No. 16, § 3, which require overtime compensation be paid on the compensation that
6  Defendant classifies as a per diem.
7        30.    As a result of HL Welding's unlawful acts, Plaintiff and similarly situated Class
8  Members have been deprived of overtime compensation in an amount to be determined at trial, and
9  are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under
10 Labor Code § 1194.
11       31.    By violating Labor Code § 510, Defendant is liable for attorneys' fees and costs under
12 Labor Code § 1194.
13       32.    Plaintiff, on behalf of himself and similarly situated Tradespeople, requests relief as
14 described below.

## SECOND CLAIM FOR RELIEF

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 16)
### (ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)

18       33.    The allegations of each of the preceding paragraphs are realleged and incorporated
19 herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the
20 above-described Class of similarly situated Tradespeople employed by HL Welding in California.
21       34.    Labor Code § 226(a) and IWC wage order No. 16, § 6(B) require employers semi-
22 monthly, or at the time of each payment of wages, to furnish each California employee with a
23 statement itemizing, among other things, the gross wages earned and the total hours worked by the
24 employee.  Labor Code § 226(e)(1) provides that if an employer knowingly and intentionally fails to
25 provide a statement itemizing, among other things, the gross wages earned and total hours worked by
26 the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars
27 ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four
28 thousand dollars ($4,000).

35. Defendant knowingly and intentionally failed to furnish Plaintiff and similarly situated Tradespeople with timely, itemized statements that accurately report the gross wages earned and total hours worked, as required by Labor Code § 226and IWC wage order No. 16, § 6(B). As a result, Defendant is liable to Plaintiff and similarly situated Tradespeople for the amounts provided by Labor Code § 226(e)(1)), including an award of costs and reasonable attorneys' fees.

36. Plaintiff, on behalf of himself and similarly situated Tradespeople, requests relief as described below.

**THIRD CLAIM FOR RELIEF**

**WAITING TIME PENALTIES**
**(LABOR CODE §§ 201, 202, & 203)**
**(ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)**

37. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Class of similarly situated Tradespeople employed by HL Welding in California but are no longer employed by Defendant.

38. California Labor Code § 201 requires an employer who discharges a California employee to pay all compensation due and owing to that employee immediately upon discharge.

39. California Labor Code § 202 requires an employer to pay all compensation due and owing to a California employee who quits within 72 hours of that employee's quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

40. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

41. Defendant willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay, to Plaintiff and similarly situated Tradespeople whose employment terminated. As a result, Defendant is liable to Plaintiff and similarly situated Tradespeople for waiting time penalties under Labor Code § 203.

42. Plaintiff, on behalf of himself and similarly situated Tradespeople, requests relief as described below.

**FOURTH CLAIM FOR RELIEF**

**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
**(BUSINESS & PROFESSIONS CODE §§ 17200-09)**
**(ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)**

43. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Class of similarly situated Tradespeople employed by HL Welding in California and in a representative capacity under Business & Professions Code § 17204.

44. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

45. Business & Professions Code § 17204 allows "a person who has suffered injury in fact and has lost money or property as a result of unfair competition"" to prosecute a civil action for violation of the UCL.

46. Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this action, Defendant committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by engaging in the following:

    a. failing to pay overtime compensation to Plaintiff and similarly situated Tradespeople, as required by California and federal law;

47. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business & Professions Code § 17200.

48. As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold wages and other pay belonging to Plaintiff and similarly situated Tradespeople. As a direct and proximate result of Defendant's unlawful business practices, Plaintiff and Tradespeople have suffered economic injuries including, but not limited to loss of overtime wages. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of unpaid overtime and interest accrued by Plaintiff and similarly situated Tradespeople.

49. Plaintiff and similarly situated Tradespeople are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid overtime, waiting time penalties, and interest since four years prior to the filing of this action.

50. Plaintiff and similarly situated Tradespeople are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

51. Plaintiff's success in this action will enforce important rights affecting the public interest. In this regard, Plaintiff sues on behalf of the public as well as on behalf of himself and others similarly situated. Plaintiff seeks and is entitled to the unpaid compensation, declaratory relief, civil penalties, and any other appropriate remedy.

52. Plaintiff has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action, which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

53. By all of the foregoing alleged conduct, Defendant has committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200, et seq.

54. As a direct and proximate result of the unfair business practices described above, Plaintiff and other Tradespeople have all suffered significant losses and Defendant has been unjustly enriched.

55. Pursuant to Business & Prof. Code §17203, Plaintiff, other Tradespeople, and members of the general public are entitled to: (a) restitution of money retained and/or acquired by Defendant by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and (b) a declaration that Defendant's business practices are unfair within the meaning of the statute.

56. Plaintiff, on behalf of himself and similarly situated Tradespeople, requests relief as described below.

//

//

//

## FIFTH CLAIM FOR RELIEF
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
**(29 U.S.C. § 201, *et seq.*)**
**(ON BEHALF OF PLAINTIFF AND ALL TRADESPEOPLE)**

57.  PLAINTIFF alleges and incorporates by reference the allegations in the preceding paragraphs.

58.  At all relevant times, HL Welding has been, and continues to be, an "employer" engaged in interstate "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, HL Welding has employed, and continues to employ Tradespeople, including Plaintiff, and each of the Tradespeople. Plaintiff is informed and believes that HL Welding had annual dollar volume of sales in excess of $5 Million during the applicable statutory period.

59.  Plaintiff consents to sue in this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff signed and hereby files as Exhibit A hereto a consent form to be a party plaintiff in this action pursuant to the FLSA. Also filed here, as Exhibit B, are consent forms to be party plaintiffs filed by Tradespeople Jonathan De Jesus and Carlos Morales who worked both in California and in other states subject to HL Welding's unlawful per diem policy. It is likely that other individuals will sign consent forms and join in this claim in the future.

60.  The FLSA requires each covered employer, such as HL Welding, to compensate all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a week.

61.  Plaintiff and Tradespeople are entitled to be paid the statutorily required overtime compensation on per diem pay for overtime hours worked. At all relevant times, HL Welding had a policy and practice of failing and refusing to pay overtime compensation on per diem pay to the Plaintiff and Tradespeople for their hours worked in excess of 40 hours per week. By failing to compensate Plaintiff and the Tradespeople at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, HL Welding has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. HL Welding's conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

63. Plaintiff, on behalf of himself and the Tradespeople, seeks damages in the amount of all unpaid overtime compensation owed to him and the Tradespeople, liquidated damages as provided by the FLSA, 29 U.S.C. §§ 216(b), 255 and such other legal and equitable relief as the Court deems just and proper.

64. Plaintiff, on behalf of himself and the Tradespeople, seek recovery of attorneys' fees and costs of action to be paid by HL Welding, as provided by the FLSA, 29 U.S.C. § 216(b).

## X.   REQUEST FOR JURY TRIAL

65. Plaintiffs request a trial by jury on behalf of themselves and the above described Class of similarly situated Delivery Team Members.

## XI.   PRAYER FOR RELIEF

66. Wherefore, Plaintiff Lopez Yanez, on behalf of himself and the Rule 23 Class Members and FLSA Collective Action Members, requests relief as follows:

 A Certification of the above-described California class as a class action, pursuant to Rule 23:

 B Class notice to all Tradespeople who worked for Defendant during the Class Period described above;

 C. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

  i. Labor Code §§ 510, 1194, et seq., and IWC wage order No. 16 by failing to pay proper overtime compensation to Tradespeople;

  ii. Labor Code § 226 and IWC wage order No. 16, § 6(B) by failing to provide Plaintiff and Class Members with accurate itemized statements of gross wages earned and all overtime rates of pay with each payment of wages;

  iii. Labor Code §§ 201-203, for willfully failing to pay overtime, compensation at the time of termination of employment, resulting in unpaid waiting time penalties; and

  vi. Business & Professions Code §§ 17200-17208, by failing to pay its

|   |   |   |
|---|---|---|
| 1 |   | Tradespeople overtime compensation under California and federal law and by failing |
| 2 |   | to provide Tradespeople with itemized wage statements showing gross wages earned |
| 3 |   | and all overtime rates of pay. |
| 4 | D. | A declaratory judgment that Defendant's violations as described above were willful; |
| 5 | E. | An equitable accounting to identify, locate, and restore to all current and former |
| 6 |   | Tradespeople the wages that are due; |
| 7 | F. | An award to Rule 23 Class Members of damages in the amount of overtime |
| 8 |   | compensation, including interest thereon, subject to proof at trial; |
| 9 | G. | As to those Rule 23 Class Members who have left Defendant's employ, an award of |
| 10 |   | payments due to them as waiting time penalties, pursuant to California Labor Code § |
| 11 |   | 203; |
| 12 | H. | An order requiring Defendant to pay restitution of all amounts owed to Rule 23 Class |
| 13 |   | Members for Defendant's failures to pay overtime compensation and interest thereon, |
| 14 |   | in an amount according to proof, pursuant to California Business & Professions Code § |
| 15 |   | 17203; |
| 16 | I. | An award to Rule 23 Class Members of reasonable attorneys' fees and costs, pursuant |
| 17 |   | to Code of Civil Procedure § 1021.5, California Labor Code § 1194, and/or other |
| 18 |   | applicable law; and |
| 19 | J. | An award to Rule 23 Class Members of such other and further relief as this Court |
| 20 |   | deems just and proper. |

21    67.    Wherefore, Plaintiff Lopez Yanez, on behalf of himself and all members of the FLSA
22 Collective Action, pray for relief as follows:

|   |   |   |
|---|---|---|
| 23 | A. | Designation of this action as a collective action on behalf of the FLSA Collective |
| 24 |   | Action Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 |
| 25 |   | U.S.C. § 216(b) to all similarly situated members of the FLSA Collective Action, |
| 26 |   | apprising them of the pendency of this action, and permitting them to assert timely |
| 27 |   | FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 |
| 28 |   | U.S.C. § 216(b); |

      B.      Designation of Plaintiff Lopez Yanez as Representative of the FLSA Collective Action;

      C.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

      D.      An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

      E.      Costs of action incurred herein, including expert fees;

      F.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

      G.      Pre-Judgment and Post-Judgment interest, as provided by law; and

      H.      Such other legal equitable relief as this Court deems necessary, just, and proper.

DATED: September 11, 2020                                  LEONARD CARDER, LLP

                                                                   */s/ David Pogrel*
                                                                   By:   David Pogrel
                                                                           Afroz Baig

                                                            *Attorneys for Plaintiff LUIS LOPEZ YANEZ*